Case 4:17-cv-02031   Document 26   Filed on 05/30/19 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 30, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HEATHER THOMAS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:17-CV-2031 |
| § | |
| NANCY A. BERRYHILL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act. Dkt. 24. The Commissioner has responded. Dkt. 25.

On February 15, 2019, the district court adopted this court's Memorandum and Recommendation and issued a Final Judgment remanding this case the Commissioner for further proceedings. Dkts. 22, 23. A claimant is entitled to an award of attorney's fees and expenses under the EAJA if (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011). The Commissioner does not dispute that Plaintiff is the prevailing party and is entitled to an award of attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (a plaintiff who obtains a remand order is a prevailing party).

Plaintiff's counsel requests fees for 5.2 hours in 2017 at the rate of $193.91 per hour; 58.6 hours in 2018 at the rate of $198.49 per hour; and 4.4 hours in 2019 at the rate of $200.01, for a total fee request of $13,519.88 for 68.2 hours worked. The Commissioner does not object to the

requested rates, but argues that counsel's hours are excessive. According to the Commissioner, 30-40 hours is the typical number of hours spent on a Social Security disability claim in the Southern District of Texas. *See* Dkt. 25 at 2-3 (citing cases). Specifically, the Commissioner contends that counsel should have spent no more than 8 hours, not 24.3, reviewing the administrative transcript in March 2018. The Commissioner also objects to paying counsel's fee for .7 hours on July 3, 2017 due to counsel's difficulty using the ECF system.

"Any attorneys' fees awarded under the EAJA must be reasonable." *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019). The party seeking fees under the EAJA has the burden to prove that the requested fees are not excessive, redundant, or otherwise unnecessary under the facts of the case. *DaSilva v. United States Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 n.40 (5th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). In this case, counsel filed two thoroughly researched briefs with citations to the Administrative Transcript and achieved a favorable result. The court agrees that 24.3 hours for review of the Administrative Transcript in this case is somewhat excessive, but the Commissioner's suggestion that counsel should have spent only 8 hours is too extreme. The court will reduce the requested fees for this task by 8.3 hours, to 16 hours at the 2018 rate of $198.49. The court also finds that it is inappropriate to seek a fee for the difficulties encountered with the court's ECF system on July 3, 2017 because this work was clerical in nature. *See Leroux v. Astrue,* No. 3-10-CV-2634-M, 2012 WL 6757772, at *2 (N.D. Tex. Oct. 26, 2012), *report and recommendation adopted,* No. 3:10-CV-2634-M, 2013 WL 28577 (N.D. Tex. Jan. 2, 2013) ("Plaintiff's counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff."). Therefore, the court will deduct one hour at the 2017 rate of $193.91. These modifications result in a fee award that is at the high end for hours

worked, and for the total fee award, for disability cases in this district. *See, e.g., Rasco v. Berryhill*, Civil Action No. 4:17-cv-0946, 2018 WL 3621054, at *4 (June 4, 2018) ("The Court finds that a fee of $6913.73 is reasonable for 35.70 hours worked."), *report and recommendation adopted*, Civil Action No. 4:17-cv-0946, slip op. (June 20, 2018).

For the reasons discussed above the court recommends that Plaintiff's EAJA Fee Application (Dkt. 24) be granted in part and the court award Plaintiff $11,599.11 for her reasonable attorneys fees in this case.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 30, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

3